# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

Thomas Brant,

Petitioner,

v.

State of Nevada,

Respondent.

Case No. 2:25-cv-02308-JAD-DJA

**Order**

Under 28 U.S.C. § 1915 Thomas Brant is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*.  (ECF No. 4).  Brant has also submitted various documents and motions to the Court, but has not filed a complaint.  Because the Court finds that Brant's application is complete, it grants the application to proceed *in forma pauperis*.  However, because Brant has not properly initiated this action with a complaint, the Court will require him to file a complaint as required by Federal Rule of Civil Procedure 3 and in accordance with Federal Rule of Civil Procedure 8, will deny his pending motions as premature, and will strike his rogue notices.

## I.   *In forma pauperis* application.

Brant filed the affidavit required by § 1915(a).  (ECF No. 4).  Brant has shown an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a).  The Court will now review Brant's documents.

## II.   Legal standard for screening.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.     Brant has not filed a complaint for the Court to screen.**

This case arises out of Brant's contention that the 1957 Nevada Senate Bill 2, which bill "revise[d] the laws and statutes of the State of Nevada…[and] adopt[ed] and enact[ed] such revised laws and statutes, to be known as the Nevada Revised Statutes, as the law of Nevada," is unconstitutional.  S.B. 2, 1957 Leg., 48th Sess. (Nev. 1957).[1]  Brant has initiated his case with a notice (ECF No. 1-1), an affidavit (ECF No. 1-2), a motion to submit documents (ECF No. 1-3), and a notice to the Nevada Attorney General (ECF No. 1-4).  In his first notice, Brant notifies the Clerk of Court that he wishes his case, which he titles "5.1(a)(1)(B) Constitutional Challenge of S.B. 2 (1957)," to proceed in the unofficial Northern Division of the District of Nevada, which Brant claims is "the only valid U.S. District Court within the jurisdictional borders of Nevada."[2]  In his affidavit, Brant outlines why he believes that S.B. 2 is unconstitutional.  In his motion to submit documents, Brant seeks to attach multiple pages of exhibits to support his case.  In his second notice, Brant purports to notify the Nevada Attorney General that he is challenging the constitutionality of S.B. 2 under Federal Rule of Civil Procedure 5.1(a)(1)(B).  Since initiating his

---

[1] Brant's reasoning as to why S.B. 2 is unconstitutional appears to be, in part and at a high level, that in 1957 the defined jurisdictional boundaries of the state in the Nevada Constitution did not include Clark County and parts of Lincoln and Nye County.  So, according to Brant, "[t]he people that originally framed S.B. No. 2, the majority of the Assembly members[,] were residents of Clark County and were not actual residents of NV" and therefore lacked the authority to enact the law. (ECF No. 1-2 at 5).  However, because Brant has not properly initiated this case with a complaint, the Court does not reach the merits of his arguments here.

[2] Under Nevada Local Rule IA 1-8(a), "[i]n civil actions filed by inmates proceeding pro se, the action must be filed in the unofficial division of the court in which the inmate is held when the complaint or petition is submitted for filing."  Brant is in the custody of the Southern Desert Correctional Center, which is located in Clark County, Nevada.  Under Nevada Local Rule IA 1-6, Clark County is within the unofficial Southern Division of the District of Nevada.  So, Brant's case is properly filed in this Court.

case, Brant has also filed a motion to declare S.B. 2 unconstitutional (ECF No. 8), two "constructive notice[s]" (ECF Nos. 9, 10), and a motion for judicial notice (ECF No. 11).

Brant has not, however, filed a complaint to initiate this action. Brant appears to bring his action under Federal Rule of Civil Procedure 5.1. That Rule provides that "[a] party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly: (1) file a notice of constitutional question stating the question and identifying the paper that raises it…" Fed. R. Civ. P. 5.1(a)(1). That Rule also provides that the Court must "certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. 5.1(b). But "Rule 5.1 does not create a separate cause of action or basis for relief. In other words, the notice, itself, does not initiate a cause of action." *Woods v. Florida*, No. 4:20-cv-177, 2020 WL 2497993, at *2 (N.D. Fla. Apr. 14, 2020). Instead, it is "'merely a procedural mechanism whereby the court must inform'" the attorney general (whether of the United States or a state) and provide them the "option to intervene in the event that a party to *an existing* lawsuit makes a constitutional challenge" and they are "'not a party to that suit.'" *Davis v. United States*, No. 3:22-cv-9583, 2022 WL 4486089, at *2 (N.D. Fla. July 20, 2022) (citation omitted) (emphasis in original).

Federal Rule of Civil Procedure 3 provides the method by which a person may commence a civil action. *See Martin v. Pierce* County, 34 F.4th 1125, 1131 (9th Cir. 2022). It states, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "By that rule, the only requirement to commence an action is the filing of a complaint." *Martin*, 34 F.4th at 1131 (quoting *Albright v. Christensen*, 24 F.4th 1039, 1046 (6th Cir. 2022) for the statement that "[Rule 3] requires only the filing of a complaint to commence an action—nothing more.")). The Advisory Committee Notes to Rule 3 explain that the Rule "provides that the first step in an action is the filing of the complaint." Fed. R. Civ. P. 3, 1937 Advisory Committee Notes.

While the Court must liberally construe pro se filings, the Court cannot liberally construe Brant's notices, affidavit, or motion to submit documents to be his complaint. The Court declines to piecemeal Brant's complaint together from multiple documents. Additionally, Federal Rule of Civil Procedure 8 requires that a pleading include: "(1) a short and plain statement of the grounds

for the court's jurisdiction ... ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Brant's extensive initiating documents do not meet these basic requirements.

So, the Court will require Brant to file a complaint as required by Rule 3 and meeting the requirements of Rule 8. Because Brant has not yet properly initiated his case by taking the "first step" required by Rule 3, the Court will deny his motions (ECF Nos. 3, 8, 11) without prejudice as premature. Additionally, the Court will strike Brant's "constructive notices." (ECF Nos. 9, 10).[3] The Court will give Brant thirty days to initiate his action by filing a complaint.

**IT IS THEREFORE ORDERED** that Brant's application to proceed *in forma pauperis* (ECF No. 4) is **granted.** Brant shall not be required to pre-pay the filing fee. Brant is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

---

[3] The Court has authority to strike an improper filing under its inherent power to control its docket. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). That is because "[e]very paper filed with the ... [court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources," and "part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989).

Notices are a type of filing that should rarely be used and only for administrative functions—such as notifying the court of an address change or informing the court that an attorney is appearing to represent a client. *See, e.g.*, LR IA 3-1 (notifying court of a change of contact information); LR IA 10-4 (submitting a notice of an in-camera submission); LR IC 1-1(d) (notices of manual filings). Notices cannot, however, be used as to make the court's docket a repository for allegations or alleged discovery. *See Hinojos v. Weir*, No. CV-25-02567-PHX-SHD, 2025 WL 2337103, at *2 (D. Ariz. Aug. 12, 2025) ("The court's docket is not a repository for the parties' evidence."); *see also Dillon v. Corr. Corp. of Am.*, Case No. 2:20-cv-02319-APG-NJK, 2021 WL 12300362, at *2, (D. Nev. July 19, 2021) ("The Court's docket is not a repository for miscellaneous documents that a litigant believes may support his claims."). All court filings requesting relief or requesting that the court make a ruling or take an action of any kind must be in the form of a motion and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules. *See* Fed. R. Civ. P. 7; LR 7-2.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Thomas E. Brant #1105259** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office.  The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that Brant must file a complaint on or before **June 8, 2026.  Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that Brant's motions (ECF Nos. 3, 8, 11) are **denied** without prejudice as premature

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **strike** Brant's notices (ECF Nos. 9, 10).

DATED: May 7, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE